**XIAO QI ZOU, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–5366–ag.

United States Court of Appeals, Second Circuit.

Sept. 9, 2008.

———

Richard Tarzia, Belle Mead, NJ, for Petitioners.

Jeffrey Bucholtz, Acting Asst. Atty. General, Civil Division, Richard M. Evans, Asst. Director, Sharon M. Clay, Trial Atty., U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiao Qi Zou, a native and citizen of China, seeks review of the November 5, 2007 order of the BIA affirming the May 11, 2005 decision of Immigration Judge ("IJ") Roxanne C. Hladylowycz pretermitting petitioner's application for asylum and granting his application for withholding of removal. *In re Xiao Qi Zou,* No. A96 265 561 (B.I.A. Nov 5, 2007), *aff'g* No. A96 265 561 (Immig. Ct. N.Y. City May 11, 2005). We assume the parties'

familiarity with the underlying facts and procedural history of the case.

Where the BIA issues an independent decision on remand from this Court, and does not adopt the decision of the IJ, we review the decision of the BIA alone. *Belortaja v. Gonzales,* 484 F.3d 619, 622–23 (2d Cir.2007). However, when the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). In this case, the BIA, on remand from this Court, adopted and supplemented the IJ's decision. Therefore, we review both the BIA's decision and the underlying IJ decision. We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). We review de novo questions of law, including what quantum of evidence will suffice to discharge an applicant's burden of proof. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2003); *Islami v. Gonzales,* 412 F.3d 391, 396 (2d Cir.2005).

The Immigration and Nationality Act ("INA") provides, in pertinent part, that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C.

§ 1158(a)(2)(D). Notwithstanding that provision, however, we retain jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D). In order to determine whether jurisdiction exists in an individual case, we study the arguments presented in a petition for review and determine, "regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual findings or justification for the discretionary choices, in which case the court would lack jurisdiction, or whether it instead raises a 'constitutional claim' or 'question of law.'" *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 329 (2d Cir.2006).

Zou argues that the agency erred as a matter of law by finding that he failed to establish that he met the one year deadline through his credible testimony and his explanations regarding why he lacked additional corroborating evidence. While the question presented here, whether the agency may require corroborating evidence where the asylum applicant's testimony is deemed credible, raises a question of law which is subject to our review, this argument is without merit.

We defer to the BIA's rule that "[w]hile consistent, detailed, and credible testimony may be sufficient to carry the alien's burden, evidence corroborating his story, or an explanation for its absence, may be required where it would reasonably be expected." *Diallo v. INS,* 232 F.3d 279, 285–86 (2d Cir.2000) (*citing* 8 C.F.R. §§ 208.13(a), 208.16(b)). Before denying a claim solely because of an applicant's failure to provide corroborating evidence, the agency must "explain specifically, either in its decision or otherwise in the record: (1) why it is reasonable under the BIA's standards to expect such corroboration; and (2) why [the applicant's] proffered explanations for the lack of such corroboration are

insufficient." *Diallo,* 232 F.3d at 290. The agency's determination that a particular piece of corroborating evidence is available to the applicant (and thus whether it should "reasonably be expected") is a finding of fact to which this Court defers under the substantial evidence standard. *See Kyaw Zwar Tun v. INS,* 445 F.3d 554, 563, 568 (2d Cir.2006).

Here, the agency did not err in its determination that Zou failed to present relevant corroborating documentation that was reasonably available and therefore properly concluded that Zou failed to meet his burden of demonstrating "by clear and convincing evidence" that he filed his application within one year after the date of his "arrival in the United States." *See* 8 U.S.C. § 1158(a)(2)(B); *Diallo,* 232 F.3d at 285–86. The BIA accurately described Zou's testimony regarding his travel through the United States upon his initial arrival, which involved an airline flight from California to New York and bus transportation between New York City and Boston. As the BIA noted, Zou did not present evidence to corroborate this testimony in the form of travel receipts or other documentation, and he furthermore failed to "make the minimal effort" of obtaining the names of the airport, airlines, or bus companies that he traveled with. The agency's determination that this information was reasonably available was supported by substantial evidence where Zou failed to provide any explanation for why he failed to make any effort to obtain this information from the airlines or bus companies. In light of Zou's failure to produce reasonably available material evidence, the agency properly found that he failed to meet his burden in establishing his date of entry and resulting eligibility for asylum. *See Diallo,* 232 F.3d at 285–86.

Zou fails to assert that the IJ erred in failing to consider his CAT claim. There-

fore, we deem waived any challenge to the agency's refusal to consider this claim for relief. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005); *LNC Invs., Inc. v. Nat'l Westminster Bank, N.J.,* 308 F.3d 169, 176 n. 8 (2d Cir.2002).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).